## Case No. 3,952a.

DODGE et al. v. The JOHN STUART.

[22 Betts, D. C. MS. 182.][1]

COLLISION BETWEEN SAILING VESSELS—PLEADING—NECESSARY AVERMENTS.

[1. When sailing vessels approach each other in contrary directions, the vessel sailing free before the wind must give way to the one closehauled, unless there exists some adequate reason to vary the rule.]

[2. Misconduct causing a collision precludes recovery by the party in fault for injuries sustained.]

[3. A libel for injuries sustained by collision must allege facts showing the proper conduct of libellant's vessel, and the fault of the vessel sought to be charged therewith.]

This was a libel by William E. Dodge and others against the ship John Stuart for injuries sustained by collision.

PER CURIAM. This action is grounded upon a collision in the night time between the ship John Stuart and the bark Greenpoint in the Pacific ocean. The vessels were running in contrary directions, not directly in opposite lines; the bark free before the trades-wind, and the ship closehauled, beating against it. The sea was open to both vessels on each side; the wind fresh but not severe.

1. The law imposed the duty upon the bark to give way for the ship, and gave the ship the privilege to hold her course, unless adequate reasons are brought out by the case for varying that rule. 1 Abb. Shipp. 309; 1 Trinity Rules, 19 Westm. Rev. 62; 1 W. Rob. Adm. 488. If there be a distinction when vessels are approaching obliquely (Rules of Road, 13) it does not apply here.

2. When the collision is the result of the misconduct of the suffering party, he must bear the loss of it. 2 Dods. 83; Woodrop Sims.

3. The libel does not state facts charging fault upon the ship, but, prima facie, on the pleading of the libellant. the blame is on the bark. It would be vitally defective, on proper exception, for not alleging facts showing the conduct of the bark to have been correct, and that of the ship culpable. Wells v. The Anne Caroline [Case No. 17.389a].

4. The cases do not support the proposition that a vessel closehauled loses her privilege as to one sailing free, when they are not approaching head to head.

5. Admitting the proofs properly in, and that the case is to be determined as if the facts found by the libellants had been distinctly pleaded, they do not discharge themselves from the fault of the collision, which belonged to the prosecuting vessel to do (The Boliver, 3 Notes Cas. 208); or show that any act or omission of the ship produced it. Decree for claimants, dismissing the libel.

[NOTE. The libellants appealed to the circuit court, where the decree was affirmed. See Case No. 7,427.]

[1][Affirmed in Case No. 7,427.]